IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robin D Kinsey, )<br><br>                     Plaintiff, )<br><br>         vs. )<br><br>Carolyn W. Colvin, )<br>Commissioner of Social Security, )<br><br>                     Defendant. ) | Civil Action No.:  8:13-cv-01723-BHH-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.  Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB").  For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

On March 30, 2010, Plaintiff filed an application for DIB alleging an onset of disability date of December 30, 2009. [R. 10, 117–19.]  Plaintiff's claim was denied initially on June 23, 2010 [R. 47–50], and on reconsideration on November 9, 2010 [R. 53–55], by the Social Security Administration ("the Administration").  Plaintiff requested a hearing before an administrative law judge ("ALJ") and on March 1, 2012,  ALJ Edward T. Morriss conducted a de novo video hearing on Plaintiff's claims.  [R. 24–44.]

The ALJ issued a decision on April 26, 2012, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R.10–18.]  At Step 1,[1] the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2014, and had not engaged in substantial gainful activity since December 30, 2009, the alleged onset date.  [R. 12, Findings 1 & 2.]  At Step 2, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, anxiety/panic attacks, and right carpal tunnel syndrome.  [R. 12, Finding 3.]  The ALJ also determined Plaintiff had non-severe impairments of fibromyalgia, premature ventricular contractions and migraines, and depression.  [R. 12–13.]  At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R. 13,  Finding 4.]  The ALJ specifically considered Plaintiff's back problems under Listing 1.04 and her mental impairments under Listing 12.06  [R. 13–14.]

Before addressing Step 4, Plaintiff's ability to perform her past relevant work, the ALJ made the following finding with respect to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to: sit, stand, and walk each for 6 hours of an 8-hour day; frequently lift/carry 10 pounds; occasionally lift 20 pounds; frequently climb ramps, stairs, balance, stoop, kneel, and crouch; and occasionally climb ladders/ropes/scaffolds, reach overhead, frequently perform gross manipulation, and occasionally crawl. She would be further limited to understanding, remembering, and carrying

---

[1]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

out simple instructions and would need to avoid work involving
contact with the general public.

[R. 14, Finding 5.]  Based on this RFC, at Step 4, the ALJ determined Plaintiff was unable to perform her past relevant work as an office manager.  [R. 17, Finding 6.]  Considering the Plaintiff's age, education, work experience, and residual functional capacity, however, the ALJ found that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. [R. 17, Finding 10.]  Consequently, the ALJ concluded Plaintiff has not been under a disability, as defined by the Act, from December 30, 2009, through the date of the decision.  [R. 18, Finding 11.]

Plaintiff requested Appeals Council review of the ALJ's decision, but the Council declined review on April 23, 2013.  [R. 1–6.]  Plaintiff filed this action for judicial review on June 24, 2013.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and claims the ALJ erred by

1.    failing to find Plaintiff's fibromyalgia was a severe impairment [Doc. 21 at 12–14];

2.    failing to consider and provide discussion with respect to the combined impact of Plaintiff's multiple impairments [*id.* at 14–15];

3.    improperly dismissing the opinion of Plaintiff's treating physician Dr. Michael Smith [*id.* at 15–17]; and,

4.    improperly assessing Plaintiff's credibility [*id.* at 17–19].

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence because the ALJ

3

1.   did not err in finding Plaintiff's fibromyalgia to be non-severe and, regardless, considered Plaintiff's severe and non-severe impairments throughout the remaining steps of the evaluation [Doc. 23 at 7–9];

2.   properly considered the combined effects of Plaintiff's impairments [*id.* at 9–14];

3.   properly evaluated the opinion of Plaintiff's treating physician Dr. Michael Smith and reasonably accorded it little weight [*id.* at 14–16]; and,

4.   properly assessed Plaintiff's credibility [*id.* at 16–19].

Accordingly, the Commissioner requests that the Court affirm the ALJ's decision. [*Id.* at 19.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963))("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d

4

585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision).  Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'"  *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)).  Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g).  *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir.

1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford v. Comm'r*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[2] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact.

---

[2]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

*Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).  The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the

8

claimant from having substantial gainful employment. 20 C.F.R. § 404.1520. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Grant*, 699 F.2d at 191. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* § 404.1572(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574–.1575.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See id.* § 404.1521. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect

of all of the claimant's impairments.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a

disability claimant as a whole person and not in the abstract, having several hypothetical

and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that,

when evaluating the effect of a number of impairments on a disability claimant, "the

[Commissioner] must consider the combined effect of a claimant's impairments and not

fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings

as to the effect of a combination of impairments when determining whether an individual

is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or

her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination

of impairments to be severe, "the combined impact of the impairments shall be considered

throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B).

### C.    *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals

the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration

requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without

considering the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d).

### D.    *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the

statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65

F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the

claimant's residual functional capacity[3] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. § 404.1560(b).

### E.  *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. § 404.1520(f)–(g).    To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[4]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).   When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform

---

[3]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a).

[4]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs.  20 C.F.R. § 404.1569a(a).   A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  § 404.1569a(c)(1).

other work.  20 C.F.R. § 404.1569a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").  The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50.  For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  The ALJ is required to inquire fully into each relevant issue.  *Snyder*, 307 F.2d at 520.  The performance of this duty is particularly important when a claimant appears without counsel.  *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).  In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. § 404.1527(c).  Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2).  An ALJ determination coming

down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.  Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. § 404.1517. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

## V.  Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In evaluating claims of disabling pain,

14

the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion). First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig*, 76 F.3d at 594). Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v.*

*Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).  The Commissioner thereafter issued the

following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence.  If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability.  Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered.  Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990).  SSR 90-1p has since been

superseded by SSR 96-7p, which is consistent with SSR 90-1p.  *See* SSR 96-7p, 61 Fed.

Reg. 34,483-01 (July 2, 1996).  SSR 96-7p provides, "If an individual's statements about

pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements

by the individual and other persons concerning the individual's symptoms."  *Id.* at 34,485;

*see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.     Credibility

16

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria.  *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Impairments in Combination**

Plaintiff contends the ALJ erred by failing to consider Plaintiff's multiple impairments in combination on her ability to engage in substantial gainful activity.  Although the ALJ, at Step 2 of the evaluation process, found that Plaintiff had severe impairments of degenerative disc disease, anxiety/panic attacks, and right carpal tunnel syndrome, and non-severe impairments of fibromyalgia, depression, premature ventricular contractions and migraines [R. 12–13], Plaintiff argues the ALJ erred because he failed to discuss "his consideration of the cumulative effect of Plaintiff's physical and mental impairments.  His findings on the matter are limited to the single statement, 'The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1' (TR 13)."  [Doc.

21 at 15.]  The Court agrees that the ALJ did not adequately explain the effect of Plaintiff's combination of impairments.

### *ALJ's Decision*

After determining Plaintiff's severe and non-severe impairments at Step 2, the ALJ proceeded to Step 3 of the sequential evaluation process and considered Plaintiff's back problems singly under Listing 1.04 and Plaintiff's mental impairments under Listing 12.06. [R. 13.]  During the RFC evaluation at Step 4, the ALJ specifically discussed Plaintiff's degenerative disc disease and carpal tunnel syndrome finding that

> [i]n spite of her allegations of disabling neck, back and wrist pain, the claimant has not sought additional treatment for pain including physical therapy, biofeedback, surgery, or treatment from a pain clinic.  Overall, this conservative course of treatment is inconsistent with a level of severity that would preclude the claimant from sustaining any work activity.

[R. 15.]

Also at Step 4, with respect to Plaintiff's premature ventricular contractions , the ALJ noted that a CT scan in August 2010 did not reveal evidence of coronary artery disease. [*Id.*] With respect to her anxiety/panic attacks, the ALJ noted that "there is also no indication that the claimant has required emergency treatment or inpatient hospitalization for this condition. Moreover, there is no indication that she has undergone any mental health counseling or therapy." [R. 16.]

After weighing the treating physician opinions, the ALJ made the following conclusions in support of his RFC findings:

> In sum, while the claimant's severe impairments include degenerative disc disease and right carpal tunnel syndrome, these conditions have not required surgery and have been treated mostly by the prescription of medication from her

18

primary care physician. While I do not find the claimant fully credible regarding her representations of a limited ability to walk, stand, lift, reach overhead, and carry, I have given her the benefit of the doubt in limiting the amount she can sit, stand, walk, lift, carry, reach, climb, balance, stoop, kneel, crouch, crawl, and perform gross manipulation. I have also considered her complaints of pain and difficulty sleeping/concentrating in limiting her to understanding, remembering and carrying out simple tasks. I have considered her anxiety/panic disorder in limiting her to work involving no contact with the general public. This residual functional capacity is based on the claimant's activities of daily living being inconsistent with disabling impairments and the relatively benign clinical findings. However, I cannot find the claimant's allegations that she is incapable of all work activity to be credible.

[R. 16–17.]

### Discussion

The statutory and regulatory process for making disability determinations, as interpreted by the Fourth Circuit, requires the ALJ to consider and adequately explain his evaluation of the combined effect of the impairments in determining the claimant's disability status. *See Reid v. Comm'r*, -F.3d-, 2014 WL 4555249, at *4–5 (4th Cir. Sept. 16, 2014); *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989); *Rabon v. Astrue*, C/A No. 4:08-3442-GRA, 2010 WL 923857 (D.S.C. Mar.9, 2010) (requiring remand when ALJ did not consider severe and nonsevere impairments in combination). Even if the claimant's impairment or impairments in and of themselves are not "listed impairments," the Commissioner must also "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B) (2004). The ALJ must "consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50. "As a corollary to this

rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.*

The Commissioner's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue throughout the disability process in accordance with 20 C.F.R. § 404.1523 which provides as follows:

> *Multiple Impairments.* In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

*Id.*; *see also Fleming v. Barnhart*, 284 F. Supp. 2d 256, 270 (D.Md. 2003) ("The ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process.") Courts in this district have found the ALJ's discussion and analysis adequate where a reading of the decision as a whole makes clear that the ALJ considered the combination of impairments. *See Brown v. Astrue*, C/A No. 0:10-1584-RBH, 2012 WL 3716792, at *6–7 (D.S.C. Aug. 28, 2012) (holding the decision as a whole makes clear that the Commissioner considered the combined effect of a claimant's impairments); *Thornsberry v. Astrue*, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, at *5 (D.S.C. Jan.12, 2010) (finding "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [the plaintiff's] impairments, his overall findings

adequately evaluate the combined effect of [the plaintiff's] impairments."). Here, however, the ALJ failed to consider—or, at least failed to articulate whether and how he considered—all of Plaintiff's impairments together, thereby violating 20 C.F.R. § 404.1523.

Specifically, upon review of the ALJ's decision, the Court notes that the ALJ failed to discuss or even mention Plaintiff's fibromyalgia and migraines at Step 3 in concluding that Plaintiff's impairments, singularly or in combination, failed to equal a listed impairment. [*See* R. 13–14.] *Cf. Reid*, 2014 WL 4555249, at *4–5 (affirming the Commissioner and noting that the ALJ considered and specifically contemplated whether the three impairments cumulatively would equal a listed impairment). Further, the ALJ's failure to specifically make reference to Plaintiff's fibromyalgia and migraines in his RFC determination makes it impossible to confirm that he even focused on these impairments, or the doctors' notes regarding these diagnoses, in reaching his conclusions. Although the substantial evidence standard of review requires the Court to uphold the ALJ's disability determinations where supported by substantial evidence, the Court cannot conduct the review when it is unable to determine how the ALJ viewed particular evidence. *See Gordon v. Schweiker*, 725 F.2d 231, 235–36 (4th Cir.1984). Thus, the ALJ's declaration that "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)[,]" [R. 13], is insufficient under the law. *See Walker*, 889 F.2d at 49 (explaining that a similar finding with regard to the listings, in itself, ". . . however, is not sufficient to foreclose disability.")

The Court agrees with Plaintiff that the ALJ erred and that the matter should be remanded for full discussion of each of Plaintiff's impairments in combination throughout

the sequential evaluation process. *See Aurand v. Astrue*, C/A No. 6:07-3968-HMH-WMC, 2009 WL 364389, at *3 (D.S.C. Feb. 12, 2009) (remanding for several reasons, including the ALJ had not discussed one of plaintiff's claimed impairments).

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to make specific and well-articulated findings as to the effect of Plaintiff's combination of impairments is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ.  However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be REMANDED to the Commissioner for further administrative action consistent with this recommendation.

IT IS SO RECOMMENDED.

October 24   , 2014                              s/Jacquelyn D. Austin
Greenville, South Carolina                    United States Magistrate Judge